, CHARLES H. HORNE & COMPANY et al.

v.

FREDERICK HARRINGTON, INCORPORATED, et al.

[Decided February 26th, 1917.]

1. In proceedings for the dissolution of a corporation apparently solvent, the trustees have no right to make preference of one creditor over another. It may turn out that the assets will not be sufficient to settle all the debts.

2. This court has no control over non-resident trustees in the dissolution of a corporation, and must operate against them through the courts of another state.

3. Where trustees on dissolution have made payments to creditors which may result in preferences, and are non-residents, the court will appoint a receiver even if no actual fraud be shown.

On bill, &c.

*Messrs. Peirce & Hoover,* for the complainants.

*Messrs. Vail & McLean,* for the defendants.

LANE, V. C.

It appears that Frederick Harrington, Inc., has been dissolved. Proceedings in dissolution were taken in December, 1915. They did not become effective until December, 1916. Since that time the directors of the company, who are all non-residents at this time, have been acting as trustees under the statute. They have collected in the assets of the company and the charge of the bill, supported by affidavits, is that payments have been made to some creditors in larger proportionate amounts than to others, resulting in what may in the end be preferences. This statement is not met by the defendant with any convincing proof. Inasmuch as the bill was filed in December, 1916, a sufficient length of time has elapsed for the trustees,

if the charge of the bill is false, to have presented a concrete, simple statement which would easily demonstrate the true fact. It is contended that under the statute the trustees may make such payments as they see fit, provided the company is not insolvent. The difficulty with the situation is that one cannot tell whether in the end there will be sufficient to pay all or not. The outstanding claims amount to approximately $72,000. The outstanding assets amount to about $70,000. Of these some $36,000 are accounts receivable, and some $30,000 bills receivable, admittedly slow of collection. There is only at this time in the hands of the trustees some $4,000 in cash. It would be dangerous to conclude that the assets will in the end realize sufficient to pay all the debts. There are too many contingencies, and, in the exercise of good business judgment, we have no right to assume that they may realize sufficient to pay all, and therefore that they may increase the payments of some creditors over others. Whether in any case after dissolution trustees may so act, I greatly doubt. All of the trustees are non-residents, so that this court has no actual control over them, and would have to, if they are left in charge, operate through the courts of some other state. One of the creditors charged to have been preferred is the largest creditor and practically controls the trustees.

I do not make at this time any finding that there is any actual fraud on the part of anybody. I think that, possibly, the trustees considered, as business men, that they lawfully might do what they did do. However, the fact that they did it, compels me to assume charge in some way or other. I will appoint a receiver.